UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICTOR CARDENAS-ROJAS,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Civil No. 07-CV-0238-L<br>Criminal No. 06-CR-0118-L<br><br>**ORDER DISMISSING WITH PREJUDICE PETITIONER'S MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT SENTENCE** |

On February 5, 2007, Petitioner filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside or correct sentence. Respondent has filed a response and opposition; Petitioner has not submitted a reply, and the time for doing so has expired. The Court has reviewed the record, the submissions of the parties, and the supporting exhibits and, for the reasons set forth below, will dismiss Petitioner's motion.

## BACKGROUND

Petitioner Victor Cardenas-Rojas ("Petitioner") was charged by indictment with one count of being a deported alien found in the United States in violation of 8 U.S.C. § 1326. On June 1, 2006, a three-count superceding information was filed charging Petitioner with Illegal Entry (Count One was a misdemeanor and Counts Two and Three were felonies) in violation of 8 U.S.C. § 1325.

That same day, Petitioner pled guilty to the three-count superceding information before the magistrate judge pursuant to a written plea agreement. Under the terms of the plea agreement, Petitioner agreed to waive any right to appeal, or to collaterally attack his conviction and sentence, unless the Court imposed a custodial sentence greater than the high end of the guideline range recommended by the Government pursuant to the plea agreement. *See* Plea Agreement ¶ XI. In exchange, the Government agreed to jointly recommend a sentence of 54-months custody, the statutory maximum pursuant to the three-count superceding information. This joint request amounted to a recommendation from the Government of a sentence far below the applicable guideline range for the offense.[1] During the plea proceedings, Petitioner clearly acknowledged that he understood, that by entering the plea agreement, he was waiving his rights to appeal and collateral attack. On August 14, 2006, the Court accepted Petitioner's guilty pleas and sentenced Petitioner to a 54-month term of imprisonment (Six months as to Count One, and 24 months as to both Counts Two and Three) followed by a term of supervised release of one year.

## ANALYSIS

In the instant motion brought under 28 U.S.C. § 2255, Petitioner contends that: 1) he was improperly sentenced under 8 U.S.C. § 1325 because he was not charged with that offense; and 2) double jeopardy applies because he received two separate sentences (custodial and supervised release). Both arguments fail because they are factually and legally inaccurate. The superceding indictment, which charged the Petitioner with three counts of Illegal Entry in violation of 8 U.S.C. § 1325 was the operative charging document, and the sentence imposed reflected as such.

---

[1] Petitioner and the Government agreed that USSG Section 2L1.2(a) applied to Petitioner, resulting in a base offense level of 8. The parties also agreed that an upward adjustment of 16 levels was appropriate under USSG Section 2L1.2(b)(1)(C) in light of Petitioner's prior deportation after his conviction for inflicting corporal injury on a spouse/cohabitant in violation of California Penal Code Section 273.5, an aggravated felony. Both parties also stipulated that Petitioner would receive a three level downward adjustment for acceptance of responsibility pursuant to USSG Section 3E1.1. Thus, Petitioner's resulting offense level was 21. The parties also agreed, for purposes of this case, that Petitioner was in a criminal history category VI. *See* Plea Agreement ¶ X. A resulting offense level of 21, at a criminal history category VI, produces an applicable guideline range of 77 to 96 months.

Furthermore, as part of his plea agreement, Petitioner waived both the right to appeal and the right to collaterally attack the judgment and sentence. Because Petitioner does not challenge the validity of the waiver, nor call into doubt the effectiveness of his counsel's assistance regarding his decision to enter into the agreement, the Court finds that the waiver should be enforced.

A knowing and voluntary waiver of a statutory right is enforceable. *United States v. Navarro-Botello*, 912 F.2d 318, 321 (9th Cir. 1990). The right to collaterally attack a sentence under 28 U.S.C. § 2255 is statutory in nature, and a defendant may therefore waive the right to file a § 2255 petition. *See, e.g., United States v. Abarca*, 985 F.2d 1012, 1014 (9th Cir. 1993) (by entering plea agreement waiving right to appeal sentencing issues, defendant relinquished his right to seek collateral relief from his sentence on the ground of newly discovered exculpatory evidence).

The scope of a § 2255 waiver may be subject to potential limitations. For example, a defendant's waiver will not bar an appeal if the trial court did not satisfy certain requirements under Rule 11 of the Federal Rules of Criminal Procedure to ensure that the waiver was knowingly and voluntarily made. *Navarro-Botello*, 912 F.2d at 321. Such a waiver might also be ineffective where the sentence imposed is not in accordance with the negotiated agreement, or if the sentence imposed violates the law. *Id.*; *United States v. Littlefield*, 105 F.3d 527, 528 (9th Cir. 1996). Finally, a waiver may not "categorically foreclose" defendants from bringing § 2255 proceedings involving ineffective assistance of counsel or involuntariness of waiver. *Abarca*, 985 F.2d 1012, 1014; *United States v. Pruitt*, 32 F.3d 431, 433 (9th Cir. 1992).

In this case, none of these potential limitations on the validity of Petitioner's waiver are applicable. First of all, the record indicates that Petitioner knowingly and voluntarily entered into the Plea agreement and that the requirements of Rule 11 were adhered to. Secondly, the sentence imposed by the Court was in accordance with the negotiated agreement, and in accordance with the applicable sentencing guidelines. Finally, Petitioner does not dispute the effectiveness of his counsel's assistance regarding his decision to enter into the plea agreement. Therefore, the Court finds that none of the recognized limitations to a defendant's waiver of the

right to bring a § 2255 motion are present in this case. Accordingly, the collateral attack waiver provision in Petitioner's plea agreement will be enforced.

## CONCLUSION

For the reasons set forth above, the Court finds that Petitioner has waived his right to collaterally challenge his conviction and sentence in this matter. Accordingly, Petitioner's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 is **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED.**

DATED: January 10, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

Victor Cardenas-Rojas #98441-198
Federal Correctional Complex-Victorville
P.O. Box 5300
Adelanto, CA 92301

Hamilton Arendsen
Assistant United States Attorney
880 Front Street, Room 6293
San Diego, CA 92101